## 28 U.S.C. § 1746 DECLARATION OF JOHN B. GILLIS

| | |
|---|---|
| COUNTY OF YALOBUSHA | ) |
| | ) |
| STATE OF MISSISSIPPI | ) |

The undersigned declares under penalty of perjury the following:

1. My name is John B. Gillis. I am over the age of 21 years. I have never been convicted of a felony by any court. I have never been convicted of perjury or subornation of perjury by any court. I have never been adjudicated mentally incompetent, and I am presently competent to testify in a court of law.

2. I am admitted to practice in Mississippi, the District of Columbia, all state and federal courts in Mississippi, and the United States Courts of Appeals for the Fifth and Sixth Circuits. A copy of my *curriculum vitae* is attached to this declaration.

3. I am one of the lawyers of record for U-Save Auto Rental of America, Inc. (U-Save) in U-Save Auto Rental of America, Inc. v. Barton, No. 3:15-CV-348-DPJ-FKB (S.D. Miss.). I drafted the initial pleadings in the U-Save v. Barton matter.

4. This declaration is being submitted in support of U-Save's response to Barton's motion for sanctions even though Barton failed to serve the motion for sanctions on me in compliance with Rule 5(b)(2)(E) and Rule 11(c)(2) of the FEDERAL RULES OF CIVIL PROCEDURE since Barton alleges that he served the motion by email, and since I never consented in writing to service by electronic means. Moreover, the motion for sanctions filed by Barton is not the same motion for sanctions document emailed to me (without my having consented in writing to service by email) on 26 May 2015.

5. I did significant legal research before filing the initial pleadings in the U-Save v. Barton matter. The content, theories, and relief requested in the initial pleadings were informed by:

- 1 -

● Michael H. LeRoy, *Are Arbitrators above the Law? The "Manifest Disregard of the Law" Standard*, 52 BOSTON COLLEGE LAW REVIEW 137 (2011).

● Patrick Sweeney, *Exceeding Their Powers: A Critique of Stolt-Nielsen and Manifest Disregard, and a Proposal for Substantive Arbitral Award Review*, 71 WASHINGTON & LEE LAW REVIEW 1571 (2014).

● 9 U.S.C. sections 10 and 11.

● Steelworkers v. Enterprise Wheel & Car Corp., 363 U.S. 593 (1960)(arbitrator is confined to interpretation and application of involved agreement; he/she does not sit to dispense his own brand of industrial justice).

● Major League Baseball Players Assn. v. Garvey, 532 U.S. 504 (2001)(per curiam)(when arbitrator strays from interpretation and application of contract at issue and effectively dispenses his/her own brand of industrial justice, his or her award may be unenforceable).

● Hall Street Associates, LLC v. Mattel, Inc., 552 U.S. 576 (2008) (manifest disregard doctrine no longer separate, independent, non-statutory basis for vacatur).

● Stolt-Nielsen S.A. v. AnimalFeeds Intl. Corp., 559 U.S. 662 (2010)(supreme court reversed Second Circuit and upheld district court's decision where district court applied manifest disregard standard; "We do not decide whether 'manifest disregard' survives our decision in Hall Street Associates, L.L.C. v. Mattel, Inc., 552 U.S. 576, 585, 128 S.Ct. 1396, 170 L. Ed.2d 254 (2008), as an independent ground for review or as a judicial gloss on the enumerated grounds for vacatur set forth at 9 U.S.C. § 10. AnimalFeeds characterizes that standard as requiring a showing that the arbitrators 'knew of the relevant [legal] principle, appreciated that this principle controlled the outcome of the disputed issue, and nonetheless willfully flouted the governing law by refusing to apply it.'  Brief for Respondent 25 (internal quotation marks omitted). Assuming, arguendo, that such a standard applies, we find it satisfied for the reasons that follow.").

● Prestige Ford v. Ford Dealer Computer Servs., Inc., 324 F.3d 391 (5th Cir. 2003).

● Kergosien v. Ocean Energy, Inc., 390 F.3d 346 (5th Cir. 2004).

● Apache Bohai Corp. LDC v. Texaco China BV, 480 F.3d 397 (5th Cir. 2007).

● American Laser Vision v. Laser Vision Institute, 487 F.3d 255 (5th Cir. 2007).

● Citigroup Global Markets, Inc. v. Bacon, 562 F.3d 349 (5th Cir. 2009)("Thus, to the extent that manifest disregard of the law constitutes a nonstatutory ground for vacatur, it is no longer a basis for vacating awards under the FAA.").

● Why Nada Cruz, LLC v. ACE American Ins. Co., No. 13-20644 (5th Cir. June 3, 2014)(claimant failed to meet condition precedent of initiating arbitration within one year of loss; arbitrator dismissed case; confirmed by district court and affirmed by 5th Circuit).

● Saipem America v. Wellington Underwriting Agencies Ltd., No. 08-20247 (5th Cir. June 9, 2009).

● 21st Fin. Servs., LLC. v. Manchester Fin. Bank, 747 F.3d 331 (5th Cir. 2014)("[w]here arbitrators act contrary to express contractual provisions, they have exceeded their powers."; "If the contract creates a plain limitation on the authority of an arbitrator, we will vacate an award that ignores the limitation.").

● BNSF Railway. Co. v. Alstom Transportation, Inc., No. 13-11274 (5th Cir. Feb. 6, 2015)(when arbitration goes opponent's way on basis of questionable contract interpretation, parties often file action for review under § 10(a)(4)).

● PoolRe Ins. Corp. v. Organizational Strategies, Inc., No. 14-20433 (5th Cir. Apr. 7, 2015)(where arbitrator exceeds express limitations of his/her contractual mandate, judicial deference is at an end; "It is well-established that courts may set aside awards when the arbitrator exceeds his contractual mandate by acting contrary to express contractual provisions.").

● Haag v. Infrasource Corporate Services, LLC, No. 3:07-CV-387-TSL-MTP (S.D. Miss. Mar. 5, 2012 - Order granting motion to confirm arbitration award, denying motion to vacate or modify award, denying cross-motions for sanctions)(FAA provides means for enforcing arbitral awards by way of judicial decree confirming, vacating, modifying, or correcting award; "Although an award may not be vacated or modified based on a mere mistake of fact or law, in Valentine Sugars, Inc. v. Donau Corp., the Fifth Circuit, citing § 11(a) as allowing for vacating an award "[w]here there was an evident material . . . mistake in the description of any person, thing, or property referred to in the award"; "In Valentine, the court held that an 'unambiguous' and 'undisputed' mistake of fact, upon which the arbitrator strongly relied in rendering his award, may support vacating

the award. Valentine, 981 F.2d at 214."; Valentine did not involved a judicially-created non-statutory ground for relief from arbitral which might have been displaced by Hall Street Associates, LLC. v. Mattel, Inc., 552 U.S. 576 because Fifth Circuit did not consider that it was creating or adopting non-statutory basis for relief in Valentine but rather that it was recognizing that "an arbitrator 'exceed[s] his powers or so imperfectly execute[s] them' - which is a statutory basis for vacatur - when he strongly relies on an unambiguous and undisputed mistake of fact in making his decision."; "Moreover, the Fifth Circuit appears to view Valentine as surviving Hall Street. *See* Woods v. P.A.M. Transport Inc.-L.U., 440 Fed. Appx. 265, 269-270, 2011 WL 3831306, 3 (5th Cir. Aug. 23, 2011)(post-Hall Street opinion quoting Valentine and citing arbitrator's strong reliance on unambiguous and undisputed mistake of fact as grounds for modification of award); since Valentine remains viable, "defendants' motion for sanctions will be denied.").

6. U-Save's claims and legal contentions set-up in the complaint and amended complaint in U-Save v. Barton are warranted by the existing law stated in the opinions and orders of the United States Supreme Court, the Fifth Circuit, and this court in the foregoing cases. Thus, the initial pleadings in the U-Save v. Barton matter were not filed in violation of Rule 11(b)(2).

7. The initial pleadings in the U-Save v. Barton matter were not filed for any improper purpose such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation. U-Save initiated a routine civil action as is allowed by section 10 of the FEDERAL ARBITRATION ACT. As a practical matter, Barton would have had to initiate a civil action to confirm the award, so this matter would have end up in court anyway where there would be some delay and some increase in the costs and expenses of litigation. Barton has made use of the U-Save v. Barton civil action to assert a counterclaim seeking confirmation of the award and was able to save the cost of a filing fee. Since U-Save did not initiate the judicial proceedings to vacate the arbitration award for any improper purpose, the initial pleadings in this matter were not filed in violation of Rule 11(b)(1).

8. The factual contentions in the initial pleadings have evidentiary support since all facts relied upon are in the evidentiary record or filings in the underlying arbitration proceedings. Thus, the initial pleadings in this matter were not filed in violation of Rule 11(b)(3).

9. No denials of factual contentions were made in the initial pleadings in <u>U-Save v. Barton</u>, so Rule 11(b)(4) is not implicated.

10. In my professional opinion, U-Save's civil action seeking vacatur is no more frivolous than the action prosecuted by Stolt-Nielsen beginning at the trial court level in <u>Stolt-Nielsen SA v. Animalfeeds Intl. Corp.</u>, 435 F. Supp. 2d 382, 386 (S.D.N.Y. 2006)("The Court finds, therefore, that the arbitrators manifestly disregarded a well defined rule of governing maritime law that precluded class arbitration under the clauses here in issue and that their decision to the contrary must therefore be reversed.") and culminating at the United States Supreme Court in <u>Stolt-Nielsen S.A. v. AnimalFeeds Intl. Corp.</u>, 559 U.S. 662 (2010)("In sum, instead of identifying and applying a rule of decision derived from the FAA or either maritime or New York law, the arbitration panel imposed its own policy choice and thus exceeded its powers.") where the Sixth Circuit's reversal of the trial court was reversed and the trial court's conclusion that the arbitration panel committed manifest disregard of the law justifying vacatur of the award was affirmed.

11. One of the issues in the <u>U-Save v. Barton</u> matter is whether the arbitrator exceeded his powers by failing to dismiss the arbitration matter because Barton failed to satisfy the condition precedent to arbitration (participating in the employer's grievance procedures). Thus, U-Save's theory in this regard is consistent with the condition precedent issue and disposition of that issue in <u>Why Nada Cruz, LLC v. ACE American Insurance Company</u>, No. 13-20644 (5th Cir. June 3, 2014)(arbitrator dismissed arbitration

matter because claimant failed to comply with condition to initiate arbitration within one year of loss; order confirmed by district court; affirmed by Fifth Circuit).

12. "Creative lawyering" was no more involved in the drafting of the initial pleadings in the U-Save v. Barton matter than "creative judging" was involved in Haag v. Infrasource, Stolt-Nielsen and Why Nada Cruz, LLC. The initial pleadings filed in the U-Save v. Barton matter were the product of diligent research and using the existing law as a guide for the initiation of the civil action seeking vacatur under section 10(a)(4) of the FAA.

13. I declare under penalty of perjury that the foregoing is true and correct. Executed on 29 June 2015.

*[signature]*

JOHN B. GILLIS

John B. Gillis is a lawyer practicing in Water Valley, Mississippi representing a variety of clients in trial court level and appellate litigation.

Mr. Gillis' practice includes bad faith and wrongful denial of claim actions against insurance companies, personal injury and wrongful death litigation arising out of negligent conduct and the marketing of defective products, nursing home neglect and abuse litigation, legal malpractice claim prosecution, and workers' compensation litigation on behalf of injured workers.

Mr. Gillis received a Bachelor of Arts degree from the University of Virginia in 1982 and his Juris Doctor, *cum laude*, from the University of Mississippi Law School in 1990 graduating in the top 10% of his class.  Mr. Gillis earned a Master of Strategic Studies degree from the U.S. Army War College in 2009.

Between college and law school, Mr. Gillis served as a Regular Army officer with postings in West Germany, Oklahoma, and Arizona.  In 2012, Mr. Gillis retired as a Colonel in the Army Reserve with 30 years of combined Regular Army and Army Reserve service.

Mr. Gillis practiced with Luckett Law Firm, P.A. in Clarksdale, Mississippi and Bryant, Colingo, Williams & Clark in Hattiesburg, Mississippi from 1990 to 2000.  Both firms focused on insurance defense litigation.

***MISSION STATEMENT.***   Provide results oriented, attention-to-detail representation of clients in civil litigation in state and federal court.

***EXPERIENCE.***  Mr. Gillis, as lead counsel, has tried the following cases to verdict in state and federal courts: *Moyer v. State Farm* (Cir. Ct. Quitman Co., Miss.); *Gray v. Walls* (County Ct. Coahoma Co., Miss.); *Deere & Co. v. Johnson, d/b/a F&E Farms* (U.S. Dist. Ct.); *Chambers v. Thorne* (Cir. Ct. Lee Co., Miss.); *Hicks v. Dover Elevator Co.* (Cir. Ct. DeSoto Co., Miss.); *Blackmon v. Southeast Mississippi Bank, et al.* (Chancery Ct. Carroll Co., Miss.); *Shavers v. Arbuckle* (Cir. Ct. Bolivar Co., Miss.); *Estate of Williams v. Sears, Roebuck & Co., Inc., et al.* (Cir. Ct. Washington Co., Miss.); *Lyon v. Fred's Stores of Tennessee, Inc.* (U.S. Dist. Ct.); *Gautreaux v. Chambers* (Cir. Ct. DeSoto Co., Miss.); *Singleton v. Watson, et al* (Cir. Ct. Tunica Co., Miss.); *Johnson v. Fred's Stores of Tennessee, Inc.* (U.S. Dist. Ct.); *Estate of Barnes v. Krohn* (Chancery Ct. Alcorn Co., Miss.); *Marshall v. Fred's Stores of Tennessee, Inc.* (County Ct. Coahoma Co., Miss.); *Willard v. Mississippi Dept. of Public Safety* (Cir. Ct. Panola Co., Miss.); *Doyle v. Neill* (Bankr. N.D. Miss.); *Jones v. Panola County, Mississippi* (Cir. Ct. Panola Co., Miss.); *Borgognoni v. Southern Guaranty Ins. Co.* (Cir. Ct. Coahoma Co., Miss.); *Parnell v. Alexander* (Cir. Ct. DeSoto Co., Miss.); *Wright v. Favi* (County Ct. Coahoma Co., Miss.); *Garner v. Rowland* (Cir. Ct. Tunica Co., Miss.); *Scanlan v. McPherson Oil Co.* (Cir. Ct. Baldwin Co., Ala.); *Cowart v. Delta Press Publications Co.* (Cir. Ct. Coahoma Co., Miss.); *Hyde v. Newton* (U.S. Dist. Ct.); and *Gholar v. Kmart Corp.* (Cir. Ct. Marion Co., Miss.).

Mr. Gillis' reported cases include: *Johnson v. Parker Tractor and Implement Co., Inc.*, 132 So. 3d 1032 (Miss. 2014); *Slater-Moore v. Goeldner*, 113 So. 3d 521 (Miss. 2013); *State Farm Mut. Auto. Ins. Co. v. Moyer*, 62 So. 3d 989 (Miss. App. 2010); *Deere & Co. v. First National Bank of Clarksdale*, 12 So. 3d 516 (Miss. 2009); *Deere & Co. v. Johnson*, 67 Fed. Appx. 253 (5th Cir. 2003); *In re Estate of Gillies*, 830 So. 2d 640 (Miss. 2002); *Parker Tractor and Implement Co., Inc. v. Johnson*, 819 So. 2d 1234 (Miss. 2002); *Deere & Co. v. Johnson*, 271 F.3d 613 (5th Cir. 2001); *Jones v. Panola County, Mississippi*, 725 So. 2d 774 (Miss. 1998); *Lyon v. Fred's, Inc.*, 971 F.Supp. 239 (N.D. Miss. 1997); *Union Planters Bank v. L&J Development Co.*, 115 F.3d 378 (6th Cir. 1997); *Hall v. Wal-Mart*, 980 F.2d 1445 (5th Cir. 1994); and *Conner v. Harris*, 624 So. 2d 482 (Miss. 1993).

***LOCATION.***  Water Valley, Mississippi is located in north central Mississippi approximately 85 miles southeast of Memphis, Tennessee.  The courthouses for 37 northern Mississippi counties are within 90 miles of Water Valley.  The United States District Courthouses in Oxford, Mississippi, Aberdeen, Mississippi, and Greenville, Mississippi are 18 miles, 65 miles, and 85 miles, respectively, from Water Valley.  Jackson, Mississippi, the state capital and location of the Mississippi Supreme Court, is 140 miles from Water Valley.

***REFERENCES.***  Please contact Mr. Gillis for references.

*BACKGROUND INFORMATION AVAILABLE ON REQUEST*

## 28 U.S.C. § 1746 DECLARATION OF STEPHEN A. BRANDON

| | |
|---|---|
| COUNTY OF HINDS | ) |
| | ) |
| STATE OF MISSISSIPPI | ) |

The undersigned declares under penalty of perjury the following:

1. My name is Stephen (Steve) A. Brandon. I am over the age of 21 years. I have never been convicted of a felony by any court. I have never been convicted of perjury or subornation of perjury by any court. I have never been adjudicated mentally incompetent, and I am presently competent to testify in a court of law.

2. I am admitted to practice in Mississippi, the District of Columbia, Tennessee, Alabama, all state and federal courts in Mississippi, the United States Courts of Appeals for the Fifth and Eleventh Circuits, and the Supreme Court of the United States.

3. I am one of the lawyers of record for U-Save Auto Rental of America, Inc. (U-Save) in U-Save Auto Rental of America, Inc. v. Barton, No. 3:15-CV-348-DPJ-FKB (S.D. Miss.).

4. I did not draft the initial pleadings in the U-Save v. Barton matter. I signed and filed the complaint relying on the legal research done by John B. Gillis, my co-counsel. I have read the opinions in Stolt-Nielsen S.A. v. AnimalFeeds Intl. Corp., 559 U.S. 662 (2010), Why Nada Cruz, LLC v. ACE American Ins. Co., No. 13-20644 (5th Cir. June 3, 2014), and Haag v. Infrasource Corporate Services, LLC, No. 3:07-CV-387-TSL-MTP (S.D. Miss. Mar. 5, 2012 - Order granting motion to confirm arbitration award), and those opinions validate my reliance on Mr. Gillis' research. Mr. Gillis and I discussed his research prior to the filing of the initial pleadings in the U-Save v. Barton matter, and he and I agreed that U-Save's position as articulated in its initial pleadings was supported and justified by the facts and by the law.

5. This declaration is being submitted in support of U-Save's response to Barton's motion for sanctions, even though Barton failed to serve the motion for sanctions on me in compliance with Rule 5(b)(2)(E) and Rule 11(c)(2) of the FEDERAL RULES OF CIVIL PROCEDURE. Barton alleges that he served the motion upon me by email, but I never consented in writing to accept service by electronic means. Also, the motion document which was emailed to me by Barton's counsel is not identical to the motion document which was filed with the Court.

6. I declare under penalty of perjury that the foregoing is true and correct, on this, the 29th day of June, 2015.

*Stephen A. Brandon*
STEPHEN A. BRANDON