IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**U-SAVE AUTO RENTAL OF AMERICA, INC.**        **PLAINTIFF/COUNTER-DEFENDANT**

**vs.**                                                                  **CIVIL ACTION NO. 3:15cv00348-DPJ-FKB**

**ROBERT M. BARTON**                                        **DEFENDANT/COUNTER-PLAINTIFF**

---

**DEFENDANT/COUNTER-PLAINTIFF ROBERT M. BARTON'S
REPLY BRIEF IN SUPPORT OF SECOND MOTION FOR SANCTIONS**

---

Defendant/Counter-Plaintiff Robert M. Barton ("Barton") hereby submits this *Reply Brief in Support of his Second Motion for Sanctions,* as follows:

This matter concerns an arbitration award which was rendered on May 6, 2015, by Arbitrator Richard Bennett, Esq. in a contract dispute between Barton and his former employer, U-Save Auto Rental of America, Inc. ("U-Save"). Aggrieved by the award, U-Save initiated this action by filing a "Complaint to Vacate Arbitration Award" on May 8, 2015. [Dkt. No. 1]. U-Save filed an "Amended Complaint to Vacate Arbitration Award" a few days later on May 13, 2015. [Dkt. No. 2]. In its Amended Complaint, U-Save alleges that the Arbitrator "exceeded his powers" in resolving this dispute and that the Court should therefore vacate the award under § 10(a)(4) of the Federal Arbitration Act ("FAA"). *See* 9 U.S.C. § 10(a)(4).

Forced to defend against U-Save's "complaint," which effectively thwarted the

arbitration award, Barton filed a Motion to Confirm and supporting brief on June 22, 2015.[1] In addition to seeking confirmation of the award, Barton also filed a motion and supporting brief, requesting the Court to sanction U-Save and its counsel under 28 U.S.C. § 1927 and Fed.R.Civ.P. 11 for initiating and pursuing this vacatur request on frivolous grounds [Dkt. No. 9 and Dkt No. 10]. U-Save responded to Barton's Motion for Sanction's on June 25, 2015 [Dkt. No. 11 and Dkt. No. 12].

In its Response to Barton's Motion for Sanctions, U-Save argued at length (pages 2-12) that the Court could not impose sanctions under Rule 11 because Barton did not "strictly comply" with the notice and service requirements of the rule. U-Save complained that, because Barton's motion was served via email instead of regular mail, service was ineffective. U-Save also complained that the content of the filed motion was slightly different from the version that was served 21 days earlier. In his Reply Brief filed on July 9, 2015 [Dkt. No. 16], Barton noted that regardless of any procedural issues regarding Rule 11, Section 1927 provided the Court with an independent basis to impose sanctions. Barton also noted that, if U-Save maintained its "never say die" attitude and refused to withdraw its frivolous challenges to the award in the interim, then he would serve and file a second motion for sanctions in order to cure the Rule 11 procedural issues, which he did on July 27, 2015 [Dkt. No. 22].

U-Save filed a response to Barton's Second Motion for Sanctions on August 10, 2015 [Dkt. No. 24 and Dkt. No. 25]. U-Save's response to Barton's second motion is essentially

---

[1] *See* Dkt. Nos. 7 and 8. In blatant disregard of FAA § 6 and Fed. R. Civ. P. 7(b), U-Save did not initially present its vacatur request in the form of a motion and supporting brief. *See Belz v. Morgan Stanley Smith Barney, LLC*, 2014 U.S. Dist. LEXIS 28906, Case No. 3:13CV636 (M.D. Fla. 2014)(noting that a request to vacate must be made in the form of a motion and that a "complaint" or "application" will not suffice). As an afterthought and in response to Barton's Motion for Sanctions which brought this point to its attention, U-Save belatedly filed a Motion to Vacate and supporting brief on July 10, 2015, which mirrored its Amended Complaint. *See* Dkt. Nos. 16 and 17.

identical to its prior response, except that it has deleted and omitted its challenges regarding the notice and service requirements of Rule 11. U-Save has obviously conceded that Barton's Second Motion for Sanctions cured any such procedural issues. Barton has already addressed the substance of U-Save's other arguments, specifically whether sanctions can be awarded under Section 1927 based upon its "initial pleadings" and whether its challenges to the arbitration award are frivolous on their face and foreclosed as matter of law under binding precedent. Those arguments, which are incorporated herein by reference, are set forth in Barton's previous Reply [Dkt. No. 16] as well as in the briefing in support of his Motion to Confirm.

Briefing is now complete on all pending motions, to wit: (1) Barton's Motion to Confirm; (2) U-Save's Motion to Vacate; (3) Barton's (first) Motion for Sanctions; and (4) Barton's Second Motion for Sanctions. Barton respectfully requests this Court to grant his Motion Confirm, to deny U-Save's Motion to Vacate, to assess a reasonable amount of attorneys' fees as a sanction against U-Save and its counsel, jointly and severally, and to enter a Final Judgment confirming the arbitration award pursuant to FAA § 9 and Fed. R. Civ. P. 58, including the award of prejudgment interest at 8% from the "effective date" of Barton's termination, November 29, 2013, through the date of the arbitration award and post-judgment interest at 8% from the date of the arbitration award until it is paid in full.

RESPECTFULLY SUBMITTED, this the 12th day of August, 2015.

By:   */s/ W. Thomas McCraney, III*
     W. Thomas McCraney, III (MB#10171)
     O. Stephen Montagnet, III (MB#10049)

ATTORNEYS FOR ROBERT M. BARTON

W. Thomas McCraney, III (MB#10171)
O. Stephen Montagnet, III (MB #10049)
MCCRANEY MONTAGNET QUIN & NOBLE, PLLC
602 Steed Road, Suite 200
Ridgeland, Mississippi 39157
Telephone:    (601) 707-5725
Facsimile:    (601) 510-2939

**CERTIFICATE OF SERVICE**

I, W. Thomas McCraney, III, attorney for claimant, Robert M. Barton, certify that I have this date served a copy of the foregoing on the attorneys of record for the Plaintiff/Counter-Defendant:

> Stephen A. Brandon
> Attorney-At-Law
> 2648 Ridgewood Road, Suite A
> Jackson, Mississippi 39216-4903
> (601) 714-2771
> steve@stevebrandonlaw.com

> John B. Gillis
> Attorney-At-Law
> Post Office Box 185
> Water Valley, Mississippi 38965-0185
> (662) 816-5991
> jbgillis@johngillislaw.com

SO CERTIFIED this, the 12th day of August, 2015.

*/s/ W. Thomas McCraney, III*
W. Thomas McCraney, III

4