UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | | |
|---|---|---|
| U-SAVE AUTO RENTAL OF AMERICA, INC. | ) | |
| | ) | |
| PLAINTIFF | ) | |
| | ) | |
| V. | ) | NO. 3:15-CV-348-DPJ-FKB |
| | ) | |
| ROBERT M. BARTON | ) | |
| | ) | |
| DEFENDANT | ) | |

**U-SAVE AUTO RENTAL OF AMERICA, INC.'S MEMORANDUM
IN SUPPORT OF MOTION TO QUASH WRIT OF GARNISHMENT**

FACTS

Barton had a writ of garnishment issued on 29 February 2016 targeting Regions Bank.  Barton's application for writ of garnishment recites that a judgment in the amount of $596,645.44 was rendered against U-Save Auto Rental of America, Inc. (U-Save) on 12 February 2016.  The application for writ of garnishment claims that $112,829.92 of interest has accrued on the judgment.  The application for writ of garnishment recites that an 8% rate of interest was set.  The application for writ of garnishment omits the fact that the arbitrator did not determine the date from which prejudgment interest began to accrue. Consequently one of the values (i.e., the period of time) for computing prejudgment interest is non-existent and as a matter of basic mathematics, prejudgment interest cannot be computed.

The writ of garnishment, apparently issued by this court in reliance on the accuracy of the figures stated in the application for the writ of garnishment, misstates the balance of the judgment.

LEGAL STANDARDS

MISSISSIPPI CODE ANNOTATED section 75-17-7 reads:

> All judgments or decrees founded on any sale or contract shall bear interest at the same rate as the contract evidencing the debt on which the judgment or decree was rendered. All other judgments or decrees shall bear interest at a per annum rate set by the judge hearing the complaint from a date determined by such judge to be fair but in no event prior to the filing of the complaint.

MISS. CODE ANN. § 75-17-7 (Supp. 2015).

Attached to this memorandum as exhibit 1 is the arbitrator's award.  While the arbitrator set the interest rate at 8%, the arbitrator did not determine the date on which prejudgment interest began to accrue.

Under Mississippi law, interest is computed using the actuarial method, meaning interest is compounded annually.  Stoval v. Ill. Cent. Gulf R.R. Co., 722 F.2d 190, 192 (5th Cir. 1984)(computation by "actuarial method" means compounding annually); Estate of Baxter v. Shaw Associates, Inc., 797 So. 2d 396, 404-07  (Miss. Ct. App. 2001)(same).

DISCUSSION

The values required for calculating interest compounded annually are (1) the principal amount, (2) the interest rate, and (3) the one year time period.  Naturally, to determine the one year time period, there needs to be a start date for the running of that one year time period.  *See, e.g.,* Hobson v. Chase Home Finance, LLC, No. 2014-CA-00405-SCT, ¶7 (Miss. Sup. Ct. Dec. 10, 2015)(trial court granted summary judgment to Hobson awarding him $95,051.18, "plus prejudgment interest on the judgment *from the date of the foreclosure sale on March 20, 2008).*  (Emphasis supplied.)  Without a start date for the accrual in prejudgment interest, computing interest using the actuarial method is mathematically impossible.

In this case, the arbitrator did not determine the date on which prejudgment interest began to accrue; therefore, prejudgment interest cannot be calculated.  After the award was rendered, Barton did not seek modification of the award to identify the date on which prejudgment interest began to accrue.  During the motion to confirm motion practice in this case, Barton did not ask the court to modify the award to identify the date on which prejudgment interest began to accrue.

<u>CONCLUSION</u>

U-Save submits that the writ of garnishment should be quashed since the writ is invalid as the writ misstates the judgment balance because the antecedent application for the writ misstated the amount of the accrued interest inasmuch as the amount of prejudgment interest cannot be calculated.

Respectfully submitted,

U-SAVE AUTO RENTAL OF AMERICA, INC.


/s/ John B. Gillis

_____
JOHN B. GILLIS
MISSISSIPPI BAR NO. 8694

JOHN B. GILLIS
ATTORNEY-AT-LAW
POST OFFICE BOX 185
WATER VALLEY, MISSISSIPPI 38965-0185
(662) 816-5991
jbgillis@johngillislaw.com

CERTIFICATE OF SERVICE

      I hereby certify that on 1 March 2016, I electronically filed this document with the clerk of the court using the ECF system which presumably sent notification of such filing and a link to the document to the following person:

      W. Thomas McCraney, III, Esquire
      O. Stephen Montagnet, III, Esquire
      McCraney, Montagnet, Quin & Noble, PLLC
      602 Steed Road, Suite 200
      Ridgeland, Mississippi 39157
      tmccraney@mmqnlaw.com
      smontagnet@mmqlaw.com

      /s/ John B. Gillis

      _____

      JOHN B. GILLIS