UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| U-SAVE AUTO RENTAL OF AMERICA, INC. ) | |
| ) | |
| PLAINTIFF ) | |
| ) | |
| V. ) | NO. 3:15-CV-348-DPJ-FKB |
| ) | |
| ROBERT M. BARTON ) | |
| ) | |
| DEFENDANT ) | |

**U-SAVE AUTO RENTAL OF AMERICA, INC.'S MOTION TO QUASH
WRIT OF GARNISHMENT TARGETING TAYLOR'S TRANSPORTATION, LLC**

1. Barton had a writ of garnishment issued by this court on 11 March 2016 targeting Taylor's Transportation, LLC in Great Falls, Montana. [ECF doc. 75]

2. Barton's application for writ of garnishment recites that a judgment in the amount of $596,645.44 was rendered against U-Save Auto Rental of America, Inc. (U-Save) on 12 February 2016. [ECF doc. 63] The application for writ of garnishment claims that $726,654.56 is the judgment balance, meaning Barton claims that $130,009.12 in interest has accrued on the judgment. [ECF doc. 63]

3. The arbitrator did not award pre-award or post award interest. [ECF doc. 2-5]

4. The arbitrator purported to award prejudgment interest but did not set the date from which interest began to accrue so interest cannot be calculated. [ECF doc. 2-5]

5. The arbitrator purported to award post judgment interest despite the fact that the parties did not "contract around" 28 U.S.C. section 1961. [ECF doc. 2-5; 2-1, p. 7, ¶13]

6. This court did not award post judgment interest pursuant to 28 U.S.C. section 1961. [ECF doc. 28, 29]

7. The writ of garnishment, apparently issued by this court in reliance on the

accuracy of the figures stated in the application for the writ of garnishment and without regard to the fact that the targeted garnishee is a citizen of Montana and any assets of U-Save possibly held by the garnishee are located in Montana, misstates the balance of the judgment because of the bogus interest claimed by Barton.

8. Barton's judgment is not a final judgment as a final judgment is defined by 28 U.S.C. section 1963 because U-Save's Rule 59(e) motion [ECF doc. 45, 46] suspended the time for filing a notice of appeal.

9. Great Falls, Montana is located in the geographic jurisdiction of the United States District Court for the District of Montana.

10. Barton did not register his judgment in the United States District Court for the District of Montana.

11. Barton could not have registered his judgment outside of the Southern District of Mississippi as a precursor to out-of-district judgment enforcement because the judgment is not a final under 28 U.S.C. section 1963.

12. Barton mailed the writ of garnishment to the garnishee rather than having the writ of garnishment served in compliance with Rule 4.1 of the FEDERAL RULES OF CIVIL PROCEDURE. [ECF doc. 84, pp. 2-3]

13. U-Save submits that the writ of garnishment should be quashed on the grounds that: (a) Barton's judgment is not final and therefore cannot be registered out-of-district for judgment enforcement in Montana; (b) even if the judgment were final, Barton failed to register the judgment in the United States District Court for the District of Montana as a precursor to judgment enforcement in Great Falls, Montana; (c) the writ was not served pursuant to Rule 4.1 of the FEDERAL RULES OF CIVIL PROCEDURE; and (d) the writ is defective on its face as the judgment balance is misstated because Barton misrepresented

the data regarding interest on the judgment.

          Respectfully submitted,

          U-SAVE AUTO RENTAL OF AMERICA, INC.

          /s/ John B. Gillis
          _____
          JOHN B. GILLIS
          MISSISSIPPI BAR NO. 8694

          JOHN B. GILLIS
          ATTORNEY-AT-LAW
          POST OFFICE BOX 185
          WATER VALLEY, MISSISSIPPI 38965-0185
          (662) 816-5991
          jbgillis@johngillislaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on 28 March 2016, I electronically filed this document with the clerk of the court using the ECF system which presumably sent notification of such filing and a link to the document to the following person:

    W. Thomas McCraney, III, Esquire
    O. Stephen Montagnet, III, Esquire
    McCraney, Montagnet, Quin & Noble, PLLC
    602 Steed Road, Suite 200
    Ridgeland, Mississippi 39157
    tmccraney@mmqnlaw.com
    smontagnet@mmqlaw.com

          /s/ John B. Gillis
          _____
          JOHN B. GILLIS