UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| U-SAVE AUTO RENTAL OF AMERICA, INC. ) | |
| ) | |
|     PLAINTIFF    ) | |
| ) | |
| V. ) | NO. 3:15-CV-348-DPJ-FKB |
| ) | |
| ROBERT M. BARTON ) | |
| ) | |
|     DEFENDANT    ) | |

**U-SAVE AUTO RENTAL OF AMERICA, INC.'S MEMORANDUM
IN SUPPORT OF RULE 60(b) MOTION FOR RELIEF FROM
ORDER ENTERED ON 13 MAY 2016 [ECF DOC. 170]**

<u>FACTS</u>

In its 13 May 2016 order on certain motions [ECF doc. 170], the court concluded that post judgment interest was put at issue by Barton at a point in the arbitration proceedings when U-Save could have objected to it.  This factual mistake led to the court mistakenly concluding that the parties submitted the issue of the rate of post judgment interest to the arbitrator.

Post judgment interest at 8% translates to approximately $47,731.64 per year on Barton's judgment.  Post judgment interest at 0.52% pursuant to section 1961 translates to approximately $3,221.89 per year.

The record evidence shows that post judgment interest was never requested by Barton at any time prior to the arbitration trial.  The documents in the record referenced by the court at pages 2 and 3 of the 13 May 2016 order (ECF doc. 7-2, ECF doc. 7-9, ECF doc. 7-10, ECF doc. 11-4, ECF doc. 11-5) show that Barton never requested post judgment interest during the period from the filing of his 14 March 2014 demand for arbitration [ECF doc. 11-4] to the submission of his final position letter dated 29 January 2015 regarding

damages and relief sought [ECF doc. 7-10] which was submitted less than two business days before the 2 February 2015 arbitration trial.  While Barton checked a box marked "Interest" on the American Arbitration Association (AAA) form at page 1 of the demand [ECF doc. 11-4, p. 1], this was not a demand for post judgment interest, but rather a request for undefined interest.  Regardless, U-Save interposed a general denial of all allegations in the demand document, as is permitted by the rules, in its answer.  Attached hereto as exhibit 1 is a copy of U-Save's answer.  The general denial of the allegations at paragraph 8 of the answer includes the interest request and therefore U-Save opposed that request.  Since Barton never requested post judgment interest at any time from the filing of his demand for arbitration through trial, there was no issue presented concerning post judgment interest as to which U-Save could have objected.

The first time Barton mentioned post judgment interest was in his 30 March 2015 proposed findings of fact and conclusions of law [ECF doc. 7-2] submitted nearly two months after the arbitration trial.  The last section of the proposed findings of fact and conclusions of law document discusses pre-judgment and post judgment interest.  The document does not demand post judgment interest at 8%, but just points out, according to Barton, that the Mississippi supreme court has affirmed judgments using 8% as the rate for prejudgment and post judgment interest.

There was a simultaneous submission requirement for the parties to submit their post trial brief/proposed findings of fact and conclusions of law on 30 March 2015 Attached hereto as exhibit 2 is the transcript page showing the submission deadline set by the arbitrator.  U-Save complied with this requirement by filing its final submission on 30 March 2015 [ECF doc. 1-4, certificate of service at p. 31].  U-Save never had an opportunity to object to Barton's first mention of post judgment interest and the 8% rate that

Barton states the Mississippi supreme court approves as the rate for post judgment interest.

### LEGAL STANDARDS

"Rule 60(b)(1) allows a court to provide relief in the case of 'mistake, inadvertence, surprise, or excusable neglect.' That error can be on the part of the court as well as a party. The party must move for relief, however, within one year of the entry of judgment." United States v. Fernandez, 797 F.3d 315, 319 (5th Cir. 2015), *citing* Santa Fe Snyder Corp. v. Norton, 385 F.3d 884, 887 (5th Cir. 2004)("The 'mistake' referred to in the rule can apply to the court's own error.") and McCrary v. Poythress, 638 F.2d 1308, 1314 (5th Cir. 1981)("This court has held that Rule 60(b)(1) relief is available when the mistake or inadvertence is that of the trial judge."). *See also* Oliver v. Home Indem. Co., 470 F.2d 329, 330-31 (5th Cir. 1972)(district court construed Rule 60(b) to encompass judicial mistakes; "The policy favoring such a construction is, of course, one aimed at preventing the unnecessary wasting of energies by both appellate courts and litigants. It seems that absent the chance of serious injury to the rights of any party, the possible saving of judicial energies warrants the use of such a discretionary reconsideration by the district court."); Alford v. Chevron U.S.A., Inc., 13 F. Supp. 3d 581, 612 (E.D. La. 2014)("[U]nder Fifth Circuit law interpreting Rule 60(b), the Court may entertain a motion for reconsideration containing new arguments if it determines that those arguments have merit."; "More specifically, a district court may grant relief under Rule 60(b)(1) if the aggrieved party raises a new point of law that 'is determinative on the question before' the Court. Such an approach is justified because it 'prevent[s] the unnecessary wasting of energies by . . . courts and litigants.' Here, for the reasons that follow, the Court concludes that Exxon's arguments are correct. Accordingly, in the interest of judicial efficiency, it will exercise its

discretion to consider them and to grant relief under Rule 60(b)(1)."; internal citations omitted).

DISCUSSION

The court was mistaken in finding that the parties submitted to the arbitrator the post judgment interest issue because Barton never requested post judgment interest at any time from the filing of his demand for arbitration through the arbitration trial. Barton's mentioning post judgment interest and a rate of 8% in his proposed findings of fact and conclusions of law submitted almost two months after the conclusion of the arbitration trial cannot be deemed to be an agreement by the parties to have the arbitrator set the post judgment interest rate, particularly since U-Save could not have objected or responded to any issue pertaining to post judgment interest as there was a simultaneous filing requirement for both parties to submit their post trial briefs/proposed findings of fact and conclusions of law.

While the court correctly noted, "U-Save has not directed the Court to any record evidence indicating that it objected to having that issue submitted to the arbitrator[,]" the record evidence referenced by the court in its 13 May 2016 order shows that at no time from the filing of his demand for arbitration through the arbitration trial did Barton ever request post judgment interest. Therefore, there was no objection for U-Save to make concerning post judgment interest.

In Barton's 14 March 2014 demand for arbitration, he wrote nothing about post judgment interest or the rate of post judgment interest. [ECF doc. 11-4] While he checked a box marked "Interest" on the American Arbitration Association (AAA) form at page 1 of the demand, this was not a demand for post judgment interest, but rather a request for undefined interest. Regardless, U-Save interposed a general denial of all allegations in the demand document and the general denial of the allegations at paragraph 8 of the answer

includes the interest request and therefore U-Save opposed that request.  See exhibit 1 hereto.

In his 8 October 2014 letter setting out his statement of damages [ECF doc. 7-9], Barton wrote this regarding interest on his alleged primary claim damages:  "Barton seeks pre-judgment interest calculated as [sic] 8% on this amount from the date of the last salary payment through the date of the award in this case, plus the net present value of continuous insurance past October 1, 2014 (the amount of which will be calculated and disclosed via supplement)."  In his 8 October 2014 letter setting out his statement of damages, Barton wrote this regarding interest on his alleged alternative claim damages:  "[T]he amount sought for the alternative claim of specific performance is $731,266.00, plus 8% prejudgment interest on that amount from September 1, 2013 through the date of an award in this case."  Barton wrote nothing about post judgment interest in his 8 October 2014 letter setting out his claimed damages.

In his 16 January 2015 pre-hearing brief [ECF doc. 11-5], Barton wrote this regarding interest on his alleged specific performance claim damages:  "[T]he amount for the alternative claim of specific performance is $731,266.00, plus 8% prejudgment interest on that amount from September 1, 2013 through the date of the award in this case." [ECF doc. 11-5, p. 8]   In his 16 January 2015 pre-hearing brief, Barton wrote this regarding interest on his alleged employment contract damages:  "The total contractual benefits sought by Barton is $1,152,627.00.  Barton seeks pre-judgment interest calculated as 8% on this amount from the date of the last salary payment through the date of the award in this case, plus the net present value of continuous insurance past October 1, 2014 (the amount of which will be calculated and disclosed via supplement.)" [ECF doc. 11-5, p. 10] Barton wrote nothing about post judgment interest in his pre-hearing brief.

In his 29 January 2015 letter [ECF doc. 7-10] submitted less than two business days before the trial date, Barton increased his alleged damages and wrote this about interest on his alleged contract claim damages: "The total for these payments is $1,595,071.10. Barton seeks pre-judgment interest calculated as [sic] 8% on this amount from the date of the last salary payment through the date of the award in this case." Barton wrote this about interest on his alleged specific performance claim damages: "[T]he amount sought for the alternative claim of specific performance is $731,266.00, plus 8% prejudgment interest on that amount from September 1, 2013 through the date of an award in this case." Barton wrote nothing about post judgment interest in his 29 January 2015 letter setting out his claimed damages.

In his proposed findings of fact and conclusions of law document submitted nearly two months after trial on 30 March 2015 [ECF doc. 7-2], Barton wrote this about post judgment interest: "Post-judgment interest accrues on a compounded basis from the date of the award until such time as it is paid in full. Section 75-17-7 grants discretion to the trial court to set the applicable rate of interest, but the Mississippi Supreme Court has routinely affirmed the use of an 8% interest rate for prejudgment and postjudgment [sic] awards." As can be seen, Barton's proposed findings of fact and conclusions of law document does not request that the arbitrator set post judgment interest, the document just points out that the Mississippi supreme court has affirmed judgments using 8% as the rate for prejudgment and post judgment interest. Barton's 30 March 2015 proposed findings of fact and conclusions of law was the first time Barton wrote about post judgment interest. U-Save could not object to or comment on this because there was a simultaneous submission requirement for the parties to submit their post trial brief/proposed findings of fact and conclusions of law documents. U-Save complied with the requirement by

submitting its post trial brief on 30 March 2015 as ordered by the arbitrator. [ECF doc. 1-4, certificate of service at p. 31].  So, U-Save never had an opportunity to object to Barton's first mention of post judgment interest and the 8% rate that Barton states the Mississippi supreme court approves as the rate for post judgment interest.

Since Barton never requested post judgment interest from the filing of his demand for arbitration in March 2014 through trial in February 2015, there was no issue concerning post judgment interest to which U-Save could have objected.  Regarding Barton's mention of post judgment interest and the 8% rate in his proposed findings of fact and conclusions of law document submitted on 30 March 2015, it was impossible for U-Save to object to this first-raised-after-trial issue because of the requirement for simultaneous filing of the parties' post trial briefs/proposed findings of fact and conclusions of law.  U-Save, like Barton, submitted its post trial brief and proposed findings of fact and conclusions of law on 30 March 2015. U-Save properly requested that the post judgment interest purportedly awarded by the arbitrator be vacated in its motion to vacate award [ECF doc. 16, p. 7] and supporting memorandum [ECF doc. 17, p. 24] citing 28 U.S.C. § 1961 (post judgment interest) and <u>Campbell Harrison & Dagley, L.L.P v. Hill</u>, No. 14-10631 (5th Cir. Apr. 2, 2015)(arbitration award case; post judgment interest determined pursuant to 28 U.S.C. § 1961).

The court made a mistake in finding that the parties submitted the issue of post judgment interest to the arbitrator because the court's assumption that post judgment interest was put at issue during the arbitration proceedings at a time when U-Save could have objected to it was an incorrect assumption.  The record evidence shows that Barton never requested post judgment interest at any time from the filing of his demand for arbitration through trial.  When Barton finally got around to writing on the subject of post

judgment interest almost two months after trial in his proposed findings of fact and conclusions of law, he did not make an explicit request for the arbitrator to award post judgment interest at 8%. Importantly, U-Save could not have objected to or commented on the post judgment interest issue because of the simultaneous filing requirement for the parties to file their respective post trial briefs/proposed findings of fact and conclusions of law.

The court's mistakes, if they are not corrected, will result in a manifestly unjust result as U-Save will be required to pay post judgment interest at 8% which translates to approximately $47,731.64 per year, rather than paying post judgment interest at 0.52% pursuant to section 1961 which translates to approximately $3,221.89 per year.

CONCLUSION

The court's conclusion that the issue of post judgment interest was submitted to the arbitrator by the parties because U-Save did not object to Barton's request for such interest is based on a supposition, not facts shown by the record evidence. The fact is Barton never requested post judgment interest at anytime from the filing of his demand for arbitration through the arbitration trial. Consequently, there was no post judgment issue presented as to which U-Save could have objected. The fact is Barton did not mention post judgment interest in any of his submissions until he filed his proposed findings of fact and conclusions of law almost two months after the trial, and Barton did not explicitly request that the arbitrator set post judgment interest in that document. The fact is U-Save could not have objected to or commented on Barton's mention of post judgment interest in his proposed findings of fact and conclusions of law document because of the simultaneous filing requirement for the parties' respective post trial briefs/proposed findings of fact and conclusions of law. Thus, U-Save did not fail to object to anything concerning

post judgment interest during the arbitration proceedings since post judgment interest was not put at issue by Barton at any time prior to trial, and since it was impossible for U-Save to object to Barton's proposed findings of fact and conclusions of law because of the simultaneous filing requirement for the final submissions of the parties.  Therefore, the court made a mistake in finding that the issue of post judgment interest was submitted to the arbitrator because there is no factual predicate for such a finding, just a mistaken assumption that the post judgment issue was raised at some point during the arbitration proceedings when U-Save had an opportunity to object to same.

U-Save requests that pursuant to Rule 60(b)(1) or Rule 60(b)(6) of the FEDERAL RULES OF CIVIL PROCEDURE that the court reconsider its ruling on the issue of post judgment interest, and enter an amended order relieving U-Save of the requirement to pay post judgment interest at 8% by setting the rate of post judgment interest pursuant to 28 U.S.C. section 1961.  This motion is aimed at preventing the unnecessary wasting of energies by both the appellate court and the litigants.  U-Save submits that there is no chance of serious injury to the rights of any party in granting this motion, and that the saving of judicial energies warrants the granting relief requested in this motion.

      Respectfully submitted,

      U-SAVE AUTO RENTAL OF AMERICA, INC.

      /s/ John B. Gillis

      JOHN B. GILLIS
      MISSISSIPPI BAR NO. 8694

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on 16 May 2016, I electronically filed this document with the clerk of the court using the ECF system which presumably sent notification of such filing and a link to the document to the following persons:

    W. Thomas McCraney, III, Esquire
    O. Stephen Montagnet, III, Esquire
    Douglas C. Noble, Esquire
    McCraney, Montagnet, Quin & Noble, PLLC
    602 Steed Road, Suite 200
    Ridgeland, Mississippi 39157
    tmccraney@mmqnlaw.com
    smontagnet@mmqlaw.com
    dnoble@mmqnlaw.com

    Bill Brabec, Esquire
    M. Scott Jones, Esquire
    Lindsey O. Watson, Esquire
    Adams and Reese LLP
    1018 Highland Colony Parkway, Suite 800
    Ridgeland, Mississippi 39157
    bill.brabec@arlaw.com
    scott.jones@arlaw.com
    lindsey.watson@arlaw.com

                                              /s/ John B. Gillis
                                              _____
                                              JOHN B. GILLIS

                                              JOHN B. GILLIS
                                              ATTORNEY-AT-LAW
                                              POST OFFICE BOX 185
                                              WATER VALLEY, MISSISSIPPI 38965-0185
                                              (662) 816-5991
                                              jbgillis@johngillislaw.com