UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | | |
|---|---|---|
| U-SAVE AUTO RENTAL OF AMERICA, INC. | ) | |
| | ) | |
|     PLAINTIFF | ) | |
| | ) | |
| V. | ) | NO. 3:15-CV-348-DPJ-FKB |
| | ) | |
| ROBERT M. BARTON | ) | |
| | ) | |
|     DEFENDANT | ) | |

**PLAINTIFF U-SAVE AUTO RENTAL OF AMERICA, INC.'S
NOTICE OF APPEAL**

Notice is hereby given that U-Save Auto Rental of America, Inc. (U-Save), the plaintiff in the above captioned case, hereby appeals to the United States Court of Appeals for the Fifth Circuit from the order denying U-Save's motion to reconsider ruling on post judgment interest award and alter or amend judgment, denying U-Save's motions to quash writs of garnishment, and denying the defendant's motion for writ of execution in which the district court found that the defendant's recording of the judgment in Madison County, Mississippi before the fourteen day period expired under Rule 62(a) was not a violation of Rule 62(a) [ECF doc. 170] entered in this action on 13 May 2016, and from the underlying order and judgment denying U-Save's motion to vacate award and granting the defendant's motion to confirm award [ECF doc. 28 and 29] entered on 12 February 2016.  The preliminary issues for appeal are:

    1.  Whether the district court erred in denying U-Save's motion to vacate on the grounds that the arbitration award should be vacated because the arbitration matter should have been dismissed as a sanction for Barton giving false testimony at trial.

2. Whether the district court erred in denying U-Save's motion to vacate on the grounds that the arbitration award should be vacated because the arbitration matter should have been dismissed summarily for Barton's failure to satisfy the condition precedent to arbitration.

3. Whether the district court erred in denying U-Save's motion to vacate on the grounds that the arbitration award should be vacated because the arbitrator exceeded his authority and power by awarding a lump-sum, money damages type of award for the health insurance benefit and the life, accident, and disability insurance benefit.

4. Whether the district court erred in denying U-Save's motion to vacate on the grounds that the arbitration award should be vacated because the arbitrator exceeded his authority and power by awarding post judgment interest and setting the rate for post judgment interest.

5. Whether the district court erred in denying U-Save's motion to vacate on the grounds that the arbitration award should be vacated because the arbitrator exceeded his authority and power by awarding salary-based benefits grossly in excess of the amounts sought by Barton for section 5 benefits in his demand for arbitration and in his pretrial brief dated 16 January 2015.

6. Whether the manifest disregard standard, at least as an analytical construct, survived Hall Street Associates, LLC v. Mattel, Inc., 552 U.S. 576 (2008).

7. Whether the district court erred in denying U-Save's motion to reconsider ruling on post judgment interest award and alter or amend

judgment.

8. Whether the district court erred in denying U-Save's motions to quash certain writs of garnishment delivered by Barton to the garnishees by a private process server or by mail, rather than by U.S. Marshal, Deputy Marshal, or someone specially appointed to serve the writs pursuant to Rule 4.1.

9. Whether the district court erred in concluding that Barton's filing of a certified copy of the 12 February 2016 judgment with the circuit clerk of Madison County, Mississippi on 22 February 2016 was not in violation of the Rule 62(a) fourteen day automatic stay on judgment enforcement.

                              Respectfully submitted,

                              U-SAVE AUTO RENTAL OF AMERICA, INC.

                              /s/ John B. Gillis
                              _____

                              JOHN B. GILLIS
                              MISSISSIPPI BAR NO. 8694

                              JOHN B. GILLIS
                              ATTORNEY-AT-LAW
                              POST OFFICE BOX 185
                              WATER VALLEY, MISSISSIPPI 38965-0185
                              (662) 816-5991
                              jbgillis@johngillislaw.com

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on 10 June 2016, I electronically filed this document with the clerk of the court using the ECF system which presumably sent notification of such filing and a link to the document to the following persons:

    W. Thomas McCraney, III, Esquire
    O. Stephen Montagnet, III, Esquire
    Douglas C. Noble, Esquire
    McCraney, Montagnet, Quin & Noble, PLLC
    602 Steed Road, Suite 200
    Ridgeland, Mississippi 39157-9428
    tmccraney@mmqlaw.com
    montagnet@mmqlaw.com
    dnoble@mmqnlaw.com

    Lanny R. Pace, Esquire
    Steen, Dalehite & Pace, LLP
    Post Office Box 900
    Jackson, Mississippi39205-0900
    lpace@steendp.com

    William C. Brabec, Esquire
    Michael Scott Jones, Esquire
    Lindsey O. Watson, Esquire
    Adams and Reese, LLP
    1018 Highland Colony Parkway, Suite 800
    Ridgeland, Mississippi 39157-2057
    bill.brabec@arlaw.com
    scott.jones@arlaw.com
    lindsey.oswalt@arlaw.com

    Stephen A. Brandon, Esquire
    Attorney at Law
    2648 Ridgewood Road, Suite B
    Jackson, Mississippi 39216-4903
    steve@stevebrandonlaw.com

                                  /s/ John B. Gillis
                                  _____
                                  JOHN B. GILLIS